Pearson, J.
 

 The first, second and fourth counts are defective in this — no description of the thing stolen is given— “ certain writ of
 
 fi. fa.,
 
 belonging to the Superior Court”— “ a certain process of, and belonging to, the Superior Court”— “ a certain record of, and belonging to, the Superior Court,” is too vague. In
 
 State
 
 v.
 
 Kent, 3
 
 Hawks. 618, the thing is described as a certain
 
 twenty dolla/r
 
 bank note, on the
 
 State Bank of North Carolina.
 
 So in
 
 State
 
 v.
 
 Boon,
 
 4 Jones’ Rep. 466, it is agreed that “ a certain piece of gingerbread,” without stating the owner, for the purpose of identification, would
 
 *321
 
 be too vague on an indictment for larceny, and the decision is put on the ground, that the averment of an intent to defraud a particular individual out of the piece of gingerbread, was sufficient to identify it. In all the cases, it is held to be necessary, that some description, sufficient to identify the thing, with certainty to a
 
 general
 
 intent, should be given, although a particular description is not required, as the thing may not be susceptible of it; for instance, a hog may be described by averring the owner, although it is very general, as the man may own one hundred hogs ; and a bank note, by averring its denomination and the bank that issued it, although it may have in circulation a thousand notes of the same denomination. - Such general description is allowed
 
 ex meessitate.
 
 In this case, there is no description, and judgment must be arrested on these counts.
 

 The third count, in the opinion of the Court, is good. The amount of the execution, and the fact, that it was against John McLeod, sufficiently identify it. But this count alleges that the execution was
 
 issued
 
 from the Superior Court. This allegation is not proven; on the contrary, the proof is, that it was not issued; for, although the witness says that he issued it on oth day of June, 1854, yet he explains it, by stating that he filled it up and retained it at the request of the defendant, who paid it, and so it never left the offiee. It is settled by the decisions of this Court, that a writ, or execution is not issued until the clerk hands it to the sheriff, or to the party, or his agent. It is evidently used in this sense, Bev. Code, ch. 45, sec. 29, “ The clerks of the County and Superior Courts shall issue executions on all judgments, unless otherwise directed by the plaintiff, within six weeks, &e.”
 

 By reason of this variance, the conviction of the defendant was erroneous, and he is entitled to a
 
 venire dje novo.
 

 Whether the paper, which was filled up by the clerk, falls within the meaning of the statute, we are not at liberty to decide.
 

 Pee Cueiam, Judgment reversed.